IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:13-CR-183-BO-3
NO. 5:15-CV-353-BO

| | |
|---|---|
| MORRIS EDWARD BRIDGERS, Petitioner, | ) ) ) |
| v. | ) ) ORDER |
| UNITED STATES OF AMERICA, Respondent. | ) ) ) ) |

This matter is before the Court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [DE 143] and the government's motion to dismiss [DE 152]. For the following reasons, the government's motion to dismiss is granted, and petitioner's § 2255 petition is dismissed.

## BACKGROUND

Pursuant to a written plea agreement, petitioner Morris Bridgers pled guilty on September 5, 2013, to one count of conspiracy to distribute and possession with the intent to distribute one kilogram or more of heroin, in violation of 21 U.S.C. § 846. [DE 47]. On February 4, 2014, Bridgers was sentenced to 200 months with credit for time served followed by seven years of supervised release. [DE 81]. Petitioner appealed, claiming his guilty plea hearing and the explanation of the sentence given were inadequate. [DE 121]. The Fourth Circuit affirmed in part and dismissed in part in an unpublished opinion issued on February 23, 2015. *Id.* In the opinion, the court of appeals held that alleged errors during the Rule 11 hearing were harmless and that Bridgers waived his right to appeal the other issue. *Id.*

On July 23, 2015, petitioner filed the instant motion. [DE 143]. In it, he alleged ineffective assistance of counsel at sentencing for: (1) failure to object to the drug weight; (2)

failure to raise amendments to the sentencing guidelines; (3) failure to challenge petitioner's term of supervised release; and (4) failure to object to petitioner's criminal history score. [DE 143-1]. In response, the government filed a motion to dismiss. [DE 152].

DISCUSSION

A Rule 12(b)(6) motion to dismiss for failure to state a claim for which relief can be granted challenges the legal sufficiency of a plaintiff's complaint. *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). When ruling on the motion, the court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Although complete and detailed factual allegations are not required, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions . . . ." *Twombly*, 550 U.S. at 555 (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). Similarly, a court need not accept as true a plaintiff's "unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd.*, 213 F.3d 175, 180 (4th Cir. 2000).

Petitioner brings four in effective assistance of counsel claims. To prevail, petitioner must show (1) deficient performance, meaning that "counsel's representation fell below an objective standard of reasonableness" and (2) resulting prejudice, meaning that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984). In accordance with *Strickland*, the prejudice prong is evaluated first if the lack of sufficient prejudice alone can dispose of the ineffective assistance claim. *Id.* at 697. To demonstrate prejudice in the sentencing

2

context, petitioner must demonstrate a reasonable probability that "his sentence would have been more lenient" but for counsel's alleged errors. *Royal v. Taylor*, 188 F.3d 239, 249 (4th Cir. 1999). The Court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct," and "[j]udicial scrutiny of counsel's performance must be highly deferential." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) (citing *Strickland*, 466 U.S. at 689–90).

Petitioner first claims trial counsel was in effective for failing to challenge the drug weight used at sentencing. Petitioner seems to object to the drug weight assigned to him—which was more than one kilogram of heroin—for sentencing purposes. [DE 143-1]. This argument fails for several reasons. First, petitioner pled to "conspiracy to distribute and possession with the intent to distribute 1 kilogram *or more* of heroin." [DE 48, 81]. Second, the guidelines permit including co-conspirators' reasonably foreseeable conduct when calculating a base offense level, so a co-conspirator may be held accountable for certain criminal activity in which he or she was not directly involved. U.S. Sentencing Guidelines Manual § 1B1.3(a)(1)(B). Third, the sentencing court can consider even uncharged or acquitted conduct in sentencing, so long as it is proven by a preponderance of the evidence. *See U.S. v. Benkahla*, 530 F.3d 300, 312 (4th Cir. 2008) ("Sentencing judges may find facts relevant to determining a Guidelines range by a preponderance of the evidence."). For all these reasons, it was not objectively unreasonable for petitioner's counsel to forego objection to the drug weight. Thus, counsel's actions were not unreasonable, petitioner's first claim fails, and dismissal is appropriate.

Second, petitioner claims counsel was ineffective for failure to raise new amendments to the sentencing guidelines at petitioner's sentencing. If petitioner's complaint is that his attorney did not move for a lower sentence based on these amendments, this was not in error as there is an

3

established procedure for seeking such reductions that does not involve trial counsel whatsoever. *See* 18 U.S.C. § 3582(c)(2). If petitioner's complaint is that he was not given an adequate reduction in sentence due to his assistance, this claim also fails because of petitioner's waiver of such arguments. [DE 48]. Once again, the facts do not demonstrate that counsel's decision was unreasonable, so this claim also fails, and dismissal is appropriate.

Third, petitioner claims counsel was ineffective for failing to challenge the term of supervised release. The sentencing judge was required to give a term of supervised release of at least five (5) years. 21 U.S.C. § 841(b)(1)(A); U.S. Sentencing Guidelines Manual §5D1.2(c). As the term of supervised release given was within both the statutory and advisory range, it was not in error for counsel not to object. Since this was not unreasonable, petitioner's third claim also fails, and dismissal is appropriate.

Finally, petitioner claims counsel was ineffective for not objecting to the presentence investigation report (PSR). Petitioner claims his attorney should have objected to petitioner's assigned criminal history category of IV. Petitioner claims he was "assessed six (6) criminal history point for charges that were dismissed." [DE 143-1]. However, petitioner includes no information on the supposed dismissed charges, how his attorney did or did not handle them, or how they would affect the sentence. Without at least that information, petitioner does not state a claim upon which relief can be granted concerning his attorney's behavior with respect to those charges. Given that, this claim also fails, and dismissal is appropriate.

## Certificate of Appealability

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is

4

debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). As reasonable jurists would not find this Court's dismissal of petitioner's § 2255 motion debatable, a certificate of appealability is DENIED.

## CONCLUSION

For all of the above reasons, petitioner's motion to vacate under 28 U.S.C. §2255 [DE 143] is DENIED, and respondent's motion to dismiss [DE 152] is GRANTED. The clerk is DIRECTED to enter judgment accordingly.

SO ORDERED, this 15 day of January, 2016.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE